IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMED SAMUKA DOLLEH (A-Number 088635221), | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:19-cv-1362-L-BN |
| PRAIRIELAND DETENTION CENTER, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Mohamed Samuka Dolleh, detained at an ICE facility in this district, filed a *pro se* 28 U.S.C. § 2241 petition challenging his pre-deportation detention. *See* Dkt. No. 2. His case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The government filed a response on August 12, 2019, *see* Dkt. Nos. 6 & 7, and now moves to dismiss this matter for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "[g]iven that Dolleh has been removed, he is no longer in ICE custody[, and he therefore] has received all of the relief that he requested and to which he would be entitled if successful in his petition, so there is no further relief that the Court may award," Dkt. No. 8. Attached to the motion to dismiss is an ICE warrant of removal/deportation reflecting that Dolleh was removed on a charter flight from Dallas on August 13, 2019. *See* Dkt. No. 8-1.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Dolleh's removal from the United States is such an event. *See, e.g., Morales-Morales v. Barr*, ___ F.3d ____, No. 17-60819, 2019 WL 3642875, at *4 (5th Cir. Aug. 6, 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot." (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the United States." (citations omitted)))). And, to the extent that the proof of Dolleh's removal from the

United States is somehow mistaken, the period for filing objections to these findings, conclusions, and recommendation will provide Dolleh's an opportunity to respond.

## Recommendation

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE